**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| HENRY MARVIN MOSS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Officer JOSEPH BATES and Nurse | : | NO. 7:12-CV-70 (HL) |
| CELESKA, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | **O R D E R** |

Plaintiff **HENRY MARVIN MOSS**, currently an inmate at Georgia Diagnostic and Classification Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 relating to his prior confinement at Valdosta State Prison ("VSP") (Doc. 1). Parties instituting non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because Plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Plaintiff names VSP Officer Joseph Bates and Nurse Celeska as his Defendants. According to Plaintiff, upon his arrival at VSP, Officer Bates informed Plaintiff that Bates had to confiscate a bottle of Plaintiff's Reishi mushroom capsules, but that Bates would place them in Plaintiff's personal property. When Plaintiff questioned Nurse Celeska, she told him that the pharmacy would get his pills. Plaintiff complains that his mushroom capsules, along with other items, were destroyed because the capsules were not labeled as belonging to Plaintiff.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, a prisoner may not bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera*, 144 F.3d at 721-27.

Plaintiff has filed numerous lawsuits in the United States District Courts, at least six of which, or resulting appeals, were dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1]  As Plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).  Plaintiff's allegations patently do not satisfy this

---

[1]   *Moss v. Miller*, 1:98-cv-66 (WLS) (M.D. Ga.) (appeal); *Moss v. Superior Ct. of Dougherty Co.*, 1:95-cv-222 (WLS) (M.D. Ga. Dec. 8, 1995) (complaint); *Moss v. Kelley*, 1:95-cv-197 (WLS) (M.D. Ga. Oct 31, 1995) (complaint); *Moss v. State of Georgia*, 1:94-cv-3360-FMH (N.D. Ga. Feb. 16, 1995) (complaint); *Moss v. Priddy*, 1:94-cv-9 (WLS) (M.D. Ga. Jan. 28, 1994) (complaint); and *Moss v. Williams*, 1:94-cv-8 (WLS) (M.D. Ga. Jan. 31, 1994) (complaint).

standard.  Moreover, Plaintiff has been transferred to another prison and is not longer in "imminent danger" at VSP.

Because Plaintiff has three prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.  If Plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.  As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 18th day of May, 2012.


*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr